# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASLAN RESIDENTIAL IV, LLC,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BRAIN GARD,<br><br>　　　　　　　　　　　　　Defendant. | Civil No.　　12-CV-882-MMA(JMA)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION TO STATE COURT** |

On April 10, 2012, Defendant Brian Gard filed a notice of removal of an unlawful detainer action brought by Plaintiff Aslan Residential IV, LLC. After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. As a result, the Court REMANDS this action to the Superior Court of California, County of San Diego.

**I.　　LEGAL STANDARD**

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567.

## II. DISCUSSION

Federal question jurisdiction is absent because no "federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action that is purely a matter of state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law").

Although Defendant asserts he filed a demurrer in the state court "based on a defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. §5220]," [Doc. No. 1, p.2 ¶ 8 (brackets in original)], federal question jurisdiction cannot be predicated on the existence of a federal defense. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 14 (1983) ("[S]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense . . . ."). Thus, any anticipated defense, such as a claim under the Protecting Tenants at Foreclosure Act, Pub.L. No. 111-22, § 702, 123 Stat. 1632 (2009), is not a valid ground for removal. *Accord Aurora Loan Servs., LLC v. Montoya*, 2011 WL 5508926, at *4 (E.D. Cal. Nov. 9, 2011); *SD Coastline LP v. Buck*, 2010 WL 4809661, at *2-3 (S.D. Cal. Nov.19, 2010); *Wescom Credit Union v. Dudley*, 2010 WL 4916578, at 2-3 (C.D. Cal. Nov. 22, 2010); *Aurora Loan Servs., LLC v. Martinez*, 2010 WL 1266887, at * 1 (N.D. Cal. March 29, 2010). In any event, neither the state court answer nor demurrer mention any federal statute.

## III. CONCLUSION

The Court lacks subject matter jurisdiction over this matter and REMANDS the case to the Superior Court of California, County of San Diego.

IT IS SO ORDERED.

DATED: April 11, 2012

Hon. Michael M. Anello
United States District Judge